JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>BAHVNEET K. BHOGAL,<br><br>Debtor. | Case No. 2:22-bk-10618-ER<br><br>Chapter 7<br><br>**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND EQUITY STOCK CORPORATION: (1) RESOLVING DISPUTES REGARDING SECURED CLAIM; AND (2) GRANTING CERTAIN CARVE OUTS FROM LIEN ON DEBTOR'S RESIDENCE IN FAVOR OF THE BANKRUPTCY ESTATE** |

This *Stipulation Between Chapter 7 Trustee and Equity Stock Corporation: (1) Resolving Disputes Regarding Secured Claim; and (2) Granting Certain Carve Outs from Lien on Debtor's Residence in Favor of the Bankruptcy Estate* (this "Stipulation") is hereby entered into by and between Jason M. Rund, solely in his capacity as the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Debtor Bhavneet K. Bhogal (the "Debtor"), on the one hand, and creditor Equity Stock Corporation, a California corporation ("ESC"), on the other. The

Trustee and ESC are sometimes referred to herein as the "Parties" and each, a "Party". The Trustee and ESC enter into this Stipulation with reference to the following facts:

## RECITALS

A.  On February 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of title 11 of the United States Code, 11 U.S.C. 101, *et seq.* (the "Bankruptcy Code"), commencing the within chapter 7 bankruptcy case (the "Bankruptcy Case"). On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.

B.  Concurrent with the Petition, the Debtor filed her *Statement of Financial Affairs* ("SOFA") and *Schedules of Assets and Liabilities*, the latter of which the Debtor partially amended on March 4, 2022 [Docket No. 11] and on May 12, 2022 [Docket No. 40] (as amended, the "Schedules").

C.  In the Debtor's Schedules, she disclosed an interest in a 9,108 square foot residence located at 23415 Pleasant Meadow Road, Diamond Bar, CA 91765 (the "Residence"), which the Debtor valued at $3,698,000.

D.  The Debtor's Schedules further disclose a $958,943 consensual first lien on the Property, which, as detailed in the *Motion to Approve Loan Modification* [Docket No. 8] filed on February 8, 2022 and approved by the Court by order entered on March 9, 2022 [Docket No. 18], is currently held by Wells Fargo Bank, N.A., as Trustee for Bear Stearns ARM Trust 2007-5, ("Wells Fargo") pursuant to a first priority deed of trust recorded against the Residence on or about May 3, 2007 as Instrument No. 20071070628 (the "Wells DOT").

E.  The Debtor, through her Schedules also claims a $600,000 homestead exemption in the Property pursuant to California Civil Code § 704.730 (the "Homestead Exemption").

F.  On March 30, 2022, the Trustee filed his *Application to Employ Coldwell Banker and Dilbeck Real Estate as Real Estate Brokers* [Docket No. 28], which was approved by order entered on April 19, 2022 [Docket No. 36], pursuant to which the Trustee employed Coldwell

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

STIPULATION WITH
EQUITY STOCK CORPORATION

76218-00002/4419469.1

1  Banker and Dilbeck Real Estate as real estate brokers, through agents William "Bill" Friedman

2  and Pamela Temple (collectively, the "Real Estate Brokers") to list the Residence for sale.

3      G.    On June 23, 2022, ESC filed a proof of claim in this bankruptcy case, which was

4  denominated as Claim No. 11 (the "ESC Claim") on the claims register maintained by the Clerk

5  of the Court asserting a claim in the amount of $2,451,098.20 secured by the Residence.  The

6  ESC Claim is based on a state court action commenced pre-petition styled *Equity Stock*

7  *Corporation v. Bhogal* Case No. 37-2019-00053391 pending in the San Diego Superior Court

8  (the "State Court Action").  ESC's purported secured claim against the Residence is based on a

9  writ of attachment obtained in the State Court Action pre-petition on August 20, 2021 (the "Writ

10  of Attachment"), which ESC recorded with the Los Angeles County Recorder's Office on

11  October 26, 2021 as Instrument No. 20211608447.

12      H.    The Trustee and ESC, through counsel, have engaged in extensive, good faith,

13  negotiations and have now reached an agreement which resolves the dispute regarding the ESC

14  Claim and its asserted lien against the Residence (the "Dispute") and provides for certain carve

15  outs in favor of the bankruptcy estate on the terms, provisions, and conditions of this Stipulation.

16  NOW, THEREFORE, in consideration of the foregoing, the Trustee and ESC

17  stipulate and agree as follows:

18  **STIPULATION:**

19      1.    <u>Incorporation of Recitals</u>.  The Parties hereby represent that the Recitals in this

20  Stipulation are incorporated herein by reference and shall be deemed to be true and correct

21  representations of the Parties with respect to such statements as such statements apply to each Party.

22      2.    <u>Court Approval.</u> This Stipulation is subject to entry of an order of this Court

23  approving this Stipulation that is in form and substance reasonably acceptable to each of the Parties

24  (the "Approval Order").  Upon entry of the Approval Order, the terms of this Stipulation shall be,

25  and the Approval Order shall provide that such terms are, valid and binding upon the Parties and

26  their respective successors and assigns, including but not limited to, as applicable, any successor

27  trustee appointed in the Bankruptcy Case.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

3

STIPULATION WITH
EQUITY STOCK CORPORATION

3.    <u>The ESC Claim</u>.  Subject to the terms of this Stipulation, ESC shall have an allowed claim against the bankruptcy estate in the amount of $2,451,098.20, which, except as provided in Paragraph 6 herein, shall not be subject to further amendment or revision, and shall be deemed secured only to the extent as provide in Paragraph 4 of this Stipulation.

4.    <u>The ESC Secured Claim</u>.  In connection with any sale of the Residence initiated by the Trustee in this Bankruptcy Case (an "Applicable Sale"), ESC shall hold an allowed secured claim (the "ESC Secured Claim") in an amount equal to the "Net Sale Proceeds."  For purposes of this Stipulation, Net Sale Proceeds shall be defined as the total consideration paid by the buyer, or any successful over bidder, for the Residence, net of the following: (i) an aggregate real estate brokers' commission of five percent (5%) of the total purchase price (the "Brokers' Fees"); (ii) payment of all customary costs necessary to close the sale, including transfer taxes, utilities, insurance, escrow fees, and title fees (collectively, the "Closing Costs"); (iii) payment of all real property taxes outstanding at the time of the closing of the sale, including all non-payment penalties and fees, as applicable (the "Property Taxes"); (iv) payment to Wells Fargo in full satisfaction of their claim secured by the Wells DOT; (v) payment in full of any other undisputed liens senior to ESC and/or payment of any Disputed Lien Holdback, as defined in Paragraph 7 herein; and (vi) payment of the Homestead Exemption.  The Net Sales Proceeds, less the Carve-Out, as defined in Paragraph 5 herein, shall be paid to ESC from escrow, before or simultaneously with the payment of the Carve-Out to the Trustee.  Except as provided in this Paragraph 4, the ESC Secured Claim will not encumber, attached to or create a lien in any other property of the bankruptcy estate, including but not limited to claims of the bankruptcy estate arising under chapter 5 of the Bankruptcy Code.

5.    <u>Estate Carve-Out</u>.  As consideration for full resolution of the Dispute in connection with an Applicable Sale, ESC agrees that, from the amount which ESC would otherwise receive on account of the ESC Secured Claim, ESC will permit to be paid to the Trustee through escrow at the close of the sale a carve-out to the Trustee in favor of the bankruptcy estate, as follows: (i) 30% of the Net Sale Proceeds if the purchase price for the Residence does not exceed $2,916,308; or (ii)

$325,000.00 if the purchase price for the Residence exceeds $2,916,308 (the "Carve-Out"). ESC agrees that the ESC Secured Claim and any lien applicable thereto shall be subject to, and subordinate in all respects to the Carve-Out and that the Carve-Out shall be free and clear proceeds of the bankruptcy estate.

6. **Deficiency Claim.** Following the closing of an Applicable Sale, ESC shall be granted an allowed general unsecured claim against the bankruptcy estate (the "ESC Deficiency Claim") in an amount equal to the ESC Claim, less the Net Sale Proceeds on a dollar-for-dollar basis, plus the amount paid on account of the Carve-Out. Within forty-five (45) days following the closing of an Applicable Sale, ESC shall file an amended proof of claim in the Bankruptcy Case setting forth the ESC Deficiency Claim.

7. **Disputed Senior Liens.** As to any liens on the Residence senior to the ESC Secured Claim that the Trustee, in his sole discretion determines is subject of a bona fide dispute (a "Disputed Lien") an amount equal to the face value of such secured claim shall be paid to the Trustee through escrow at the closing of an Applicable Sale and shall be held (a "Disputed Lien Holdback") pending entry of a final Court order fully adjudicating that dispute or approving a settlement thereof, upon entry of which any remaining amount of the Disputed Lien Holdback shall be paid to ESC, less the applicable Carve-Out. Nothing herein shall be construed as compelling the Trustee to dispute any lien asserted against the Residence, and the decision to object to, litigate and/or settle any Disputed Lien shall be in the Trustee's sole discretion.

8. **No Super-Priority Claim.** Except for the ESC Secured Claim and the ESC Deficiency Claim, upon the closing of an Applicable Sale of the Residence, ESC waives any and all claims against the bankruptcy estate with respect to the Residence or the sale proceeds thereof, including but not limited to any "super-priority" or "administrative claim".

9. **Credit Bid.** In the event that ESC elects to purchase the Residence or elects to submit an overbid in connection with a motion to approve the sale of the Residence, ESC shall be permitted to credit bid its ESC Secured Claim against the purchase price, only if it satisfies the following condition in connection with such purchase: ESC pays into escrow amounts sufficient to pay the

Brokers' Fees, Closing Costs, Property Taxes, payment to Wells Fargo in full satisfaction of their claim secured by the Wells DOT, payment in full on any undisputed liens senior to ESC and/or payment of a Disputed Lien Holdback; payment in full of the Homestead Exemption; and payment in full of the applicable Carve-Out.

10. **Abandonment**. Notwithstanding anything herein to the contrary, if the Trustee determines in his business judgment that the Residence is burdensome to the bankruptcy estate or of inconsequential value, the Trustee may seek to abandon the Residence as provided in the Bankruptcy Code, the Federal Rules Bankruptcy Procedure and the Local Bankruptcy Rules (an "Abandonment").  Upon an Abandonment, ESC will be granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed in the State Court Action only as necessary to perfect its lien on the Residence and may otherwise pursue its rights under non bankruptcy law to foreclose on the Residence.  Notwithstanding the foregoing, the occurrence of an Abandonment shall not confer additional rights to ESC against the bankruptcy estate and the remaining applicable provisions of this Stipulation shall remain valid and binding on the Parties.

11. **Dismissal of State Court Action**.  Except as provided in Paragraph 12 hereof, the State Court Action shall remain stayed unless and until the occurrence of an Abandonment as provided in Paragraph 10 hereof.  No later than thirty (30) days following the closing of an Applicable Sale, ESC shall take all action necessary to dismiss the State Court Action.  The dismissal of the State Court Action pursuant to this Paragraph 11 shall not impact the validity and allowance of the ESC Deficiency Claim.

12. **Dismissal of Counterclaim**.  No later than thirty (30) days following entry of the Approval Order, the Parties shall file a stipulation in the State Court Action dismissing all counterclaims asserted against ESC by the Debtor, after which ESC will take all actions necessary to reinstate or continue the stay of the State Court Action.

13. **Modification and Amendment.**  No waiver, modification, or amendment of any of the provisions in this Stipulation shall be effective unless it is set forth in writing, signed by the Parties, and approved by the Bankruptcy Court.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

14. <u>Miscellaneous</u>.

(a) <u>Captions and Headings</u>.  The captions and headings in this Stipulation are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

(b) <u>Authority</u>.  The undersigned represent and warrant that they have the requisite authority to enter into this Stipulation on behalf of the respective Parties.

(c) <u>Severability</u>.  The Parties agree not to challenge this Stipulation, nor any provision hereof, as illegal, invalid, or unenforceable.  If any portion, provision or part of this Stipulation is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions, or parts of this Stipulation and shall not affect the validity or enforceability of such remaining portions, provisions, or parts of this Stipulation.  The Parties expressly agree that the terms of this Stipulation shall be construed in a manner designed to make it valid and enforceable to the fullest extent possible.

(d) <u>Entire Agreement</u>.  This Stipulation contains the entire understanding of the Parties and supersedes any prior understandings or agreements concerning the subject matter of this Stipulation.

(e) <u>Attorneys' Fees</u>.  Except as otherwise expressly set forth herein, each of the Parties agree to bear its respective costs and attorney fees incurred in connection with this Stipulation.  Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, the prevailing party shall be entitled to receive such amount as the Bankruptcy Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

(f) <u>Further Assurances</u>. The Parties agree to execute all further documents and perform such further acts as may reasonably be required to effectuate the purpose and intent of this Stipulation, and to use reasonable efforts to obtain entry of the Approval Order.

(g) Counterparts. This Stipulation may be executed in original, .pdf, or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all Parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

(h) Jurisdiction. Each Party agrees that this Stipulation shall be governed by and interpreted under the laws of the State of California and, to the extent applicable, the Bankruptcy Code. Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court and the Bankruptcy Court's authority to enter a final ruling with respect to any such action.

(i) No Third-Party Beneficiary. This Stipulation is for the benefit of the Parties and their respective successors and assigns, and no third person who is not one of the Parties or their respective successors and assigns shall be entitled to any of the benefits hereof.

IN WITNESS WHEREOF, the parties hereto execute this Stipulation as of the date set forth opposite their respective signatures.

DATED: June 4, 2022

JASON M. RUND, Solely in his Capacity as Chapter 7 Trustee of the Bankruptcy Estate of Bhavneet K. Bhogal

DATED: June 30, 2022

EQUITY STOCK CORPORATION

By: _____
Name: Nike - Alexander
Its: CEO

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):
**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND EQUITY STOCK CORPORATION: (1) RESOLVING DISPUTES REGARDING SECURED CLAIM; AND (2) GRANTING CERTAIN CARVE OUTS FROM LIEN ON DEBTOR'S RESIDENCE IN FAVOR OF THE BANKRUPTCY ESTATE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/05/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/05/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor
Bhavneet K Bhogal
23415 Pleasant Meadow Rd
Diamond Bar, CA 91765-3366

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/05/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Messenger
The Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/05/2022 | Viktoriia Afanasieva | /s/ *Viktoriia Afanasieva* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Keith Patrick Banner     kbanner@greenbergglusker.com,
sharper@greenbergglusker.com;calendar@greenbergglusker.com
M. Candice Bryner     candice@brynerlaw.com
Jeffrey J Hagen     jeff@hagenhagenlaw.com
Kirsten Martinez     Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Austin P Nagel     edward.yoo@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Gary Polston     gmp@polstonlaw.com, polstonlaw@jubileebk.net
Jason M Rund (TR)     trustee@srlawyers.com, jrund@ecf.axosfs.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**