1  JEFFREY A. KRIEGER (SBN 156535)
   JKrieger@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  2049 Century Park East, Ste. 2600
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Jason M. Rund,
   Chapter 7 Trustee

8

           UNITED STATES BANKRUPTCY COURT
9
           CENTRAL DISTRICT OF CALIFORNIA
10
              LOS ANGELES DIVISION
11

12  In re:                          Case No. 2:22-bk-10618-ER

13  BAHVNEET K. BHOGAL,             Chapter 7

14        Debtor.
                                    **CHAPTER 7 TRUSTEE'S MOTION FOR**
15                                  **ORDER APPROVING STIPULATION**
                                    **BETWEEN CHAPTER 7 TRUSTEE AND**
16                                  **EQUITY STOCK CORPORATION: (1)**
                                    **RESOLVING DISPUTES REGARDING**
17                                  **SECURED CLAIM; AND (2) GRANTING**
                                    **CERTAIN CARVE OUTS FROM LIEN ON**
18                                  **DEBTOR'S RESIDENCE IN FAVOR OF**
                                    **THE BANKRUPTCY ESTATE**
19
                                    **DECLARATION OF JASON M. RUND**
20
                                    [NO HEARING REQUIRED]
21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

76218-00002/4430835.1

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES**

**BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL**

**PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Bhavneet K. Bhogal (the "Debtor"), hereby submits this Motion (this "Motion") for entry of an order approving the *Stipulation Between Chapter 7 Trustee and Equity Stock Corporation: (1) Resolving Disputes Regarding Secured Claim; and (2) Granting Certain Carve Outs from Lien on Debtor's Residence in Favor of the Bankruptcy Estate* [Docket No. 45] (the "Stipulation") entered into by and between the Trustee, solely on behalf of the Debtor's bankruptcy estate, on the one hand, and creditor Equity Stock Corporation, a California corporation ("ESC"), on the other with respect to its purported secured claim asserted in this chapter 7 bankruptcy case.  A copy of the Stipulation is attached as <u>Exhibit 1</u> to the accompanying Declaration of Jason M. Rund (the "Rund Declaration").  In support of his Motion, the Trustee represents as follows:

I.      **JURISDICTION AND VENUE**

The Bankruptcy Court has jurisdiction over this bankruptcy case, the bankruptcy estate, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Trustee consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule").

II.     **BACKGROUND FACTS**

A.      **Commencement of the Bankruptcy Case**

On February 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH EQUITY STOCK CORPORATION

76218-00002/4430835.1

1  bankruptcy case.  Concurrent with the Petition, the Debtor filed her Statement of Financial

2  Affairs ("SOFA") and Schedules of Assets and Liabilities, the latter of which the Debtor

3  partially amended on March 4, 2022 [Docket No. 11] and on May 12, 2022 [Docket No. 40] (as

4  amended, the "Schedules").

5       On the Petition Date, the Trustee was duly appointed the interim chapter 7 trustee

6  pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors

7  pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on March 8,

8  2022, and it has been continued from time to time.  The 341(a) Meeting is currently scheduled

9  for July 14, 2022 at 10:00 a.m.

10      **B.**    **The Residence**

11      In the Debtor's Schedules, she disclosed a 100% interest in a 9,108 square foot residence

12  located at 23415 Pleasant Meadow Road, Diamond Bar, CA 91765 (the "Residence"), which the

13  Debtor valued at $3,698,000.  The Debtor's Schedules further disclose a $958,943 consensual

14  first lien on the Property, which, as detailed in the *Motion to Approve Loan Modification*

15  [Docket No. 8] filed on February 8, 2022 and approved by the Court by order entered on March

16  9, 2022 [Docket No. 18], is currently held by Wells Fargo Bank, N.A., as Trustee for Bear

17  Stearns ARM Trust 2007-5, ("Wells Fargo") pursuant to a first priority deed of trust recorded

18  against the Residence on or about May 3, 2007 as Instrument No. 20071070628 (the "Wells

19  DOT").  The Debtor, through her Schedules also claims a $600,000 homestead exemption in the

20  Property pursuant to California Civil Code § 704.730 (the "Homestead Exemption").

21      On March 30, 2022, the Trustee filed his *Application to Employ Coldwell Banker and*

22  *Dilbeck Real Estate as Real Estate Brokers* [Docket No. 28], which was approved by order

23  entered on April 19, 2022 [Docket No. 36], pursuant to which the Trustee employed Coldwell

24  Banker and Dilbeck Real Estate as real estate brokers, through agents William "Bill" Friedman

25  and Pamela Temple (collectively, the "Real Estate Brokers") to list the Residence for sale.  Since

26  their employment, the Real Estate Brokers have been actively marketing the property for sale

27  and have shown it to many prospective buyers.  During the process, the Trustee understands that

28  the Debtor has been largely cooperative in allowing access to the Residence.  Rund Decl., ¶ 5.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

3

MOTION TO APPROVE STIPULATION
WITH EQUITY STOCK CORPORATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

C.      **The ESC Claim**

On June 23, 2022, ESC filed a proof of claim in this bankruptcy case, which was denominated as Claim No. 11 (the "ESC Claim") on the claims register maintained by the Clerk of the Court asserting a claim in the amount of $2,451,098.20 secured by the Residence.  The ESC Claim is based on a state court action commenced pre-petition styled *Equity Stock Corporation v. Bhogal* Case No. 37-2019-00053391 pending in the San Diego Superior Court (the "State Court Action").  ESC's purported secured claim against the Residence is based on a writ of attachment obtained in the State Court Action pre-petition on August 20, 2021 (the "Writ of Attachment"), which ESC recorded with the Los Angeles County Recorder's Office on October 26, 2021 as Instrument No. 20211608447.

D.      **The Terms of the Stipulation**

Since the filing of the ESC Claim, the Trustee and ESC, through counsel, have engaged in extensive good faith negotiations in an effort to resolve a dispute between the parties regarding the ESC Claim and its asserted lien against the Residence (the "Dispute").  The Trustee and ESC have now reached an agreement memorialized in the Stipulation which resolves the Dispute pursuant to the salient terms summarized below[1]:

1.      **The ESC Claim**

Subject to the terms of the Stipulation, ESC will have an allowed claim against the bankruptcy estate in the amount of $2,451,098.20, which, except as provided in the Stipulation, shall not be subject to further amendment or revision, and will be deemed secured only to the extent as provide in the Stipulation.

2.      **The ESC Secured Claim**

In connection with any sale of the Residence initiated by the Trustee in this Bankruptcy Case (an "Applicable Sale"), ESC will hold an allowed secured claim (the "ESC Secured Claim") in an amount equal to the "Net Sale Proceeds."  For purposes of the Stipulation, Net Sale Proceeds means the total consideration paid by a buyer, net of the following: (i) an

---

[1] To the extent there is any inconsistency between the terms of the Stipulation summarized herein and the Stipulation itself, the terms of the Stipulation shall govern the respective rights between the Trustee and ESC.

MOTION TO APPROVE STIPULATION
WITH EQUITY STOCK CORPORATION

76218-00002/4430835.1

aggregate real estate brokers' commission of five percent (5%) of the total purchase price (the "Brokers' Fees"); (ii) payment of all customary costs necessary to close the sale, including transfer taxes, utilities, insurance, escrow fees, and title fees (collectively, the "Closing Costs"); (iii) payment of all real property taxes outstanding at the time of the closing of the sale, including all non-payment penalties and fees, as applicable (the "Property Taxes"); (iv) payment to Wells Fargo in full satisfaction of their claim secured by the Wells DOT; (v) payment in full of any other undisputed liens senior to ESC and/or payment of applicable holdback for any disputed liens; and (vi) payment of the Homestead Exemption.  The ESC Secured Claim will not encumber, attached to or create a lien in any other property of the bankruptcy estate, including but not limited to claims of the bankruptcy estate arising under chapter 5 of the Bankruptcy Code.

### 3.    The Estate Carve-Out

Under the terms of the Stipulation, as consideration for full resolution of the Dispute, in connection with an Applicable Sale, from the amount which ESC would otherwise receive on account of the ESC Secured Claim, ESC will permit to be paid to the Trustee through escrow at the close of the sale a carve-out to the Trustee in favor of the bankruptcy estate, as follows: (i) 30% of the Net Sale Proceeds if the purchase price for the Residence does not exceed $2,916,308; or (ii) $325,000.00 if the purchase price for the Residence exceeds $2,916,308 (the "Carve-Out"). The Carve-Out will be free and clear proceeds of the bankruptcy estate.

### 4.    ESC Deficiency Claim

Following the closing of an Applicable Sale, ESC will be granted an allowed general unsecured claim against the bankruptcy estate (the "ESC Deficiency Claim") in an amount equal to the ESC Claim, less the Net Sale Proceeds on a dollar-for-dollar basis, plus the amount paid on account of the Carve-Out.  ESC will amend the ESC Claim within forty-five days following the closing of an Applicable Sale setting forth the ESC Deficiency Claim.

### 5.    ESC Credit Bid

In the event that ESC elects to purchase the Residence or elects to submit an overbid in connection with a motion to approve the sale of the Residence, subject to Court approval, ESC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

will be permitted to credit bid its ESC Secured Claim against the purchase price, only if it

satisfies the following condition in connection with such purchase: ESC pays into escrow

amounts sufficient to pay the Brokers' Fees, Closing Costs, Property Taxes, payment to Wells

Fargo in full satisfaction of their claim secured by the Wells DOT, payment in full on any

undisputed liens senior to ESC and/or payment of a disputed lien holdback; payment in full of

the Homestead Exemption; and payment in full of the applicable Carve-Out.

### 6.    Abandonment

If the Trustee determines in his business judgment that the Residence is burdensome to

the bankruptcy estate or of inconsequential value, the Trustee may seek to abandon the

Residence as provided in the Bankruptcy Code, the Federal Rules Bankruptcy Procedure and the

Local Bankruptcy Rules (an "Abandonment").  Upon an Abandonment, ESC will be granted

relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed

in the State Court Action only as necessary to perfect its lien on the Residence and may

otherwise pursue its rights under non bankruptcy law to foreclose on the Residence.  Any such

abandonment will not confer additional rights to ESC against the bankruptcy estate and the

remaining applicable provisions of the Stipulation will remain valid and binding.

### 7.    State Court Action

Within thirty days following the Court's approval of this Motion, the Trustee and ESC will

file a stipulation in the State Court Action dismissing all counterclaims asserted by the Debtor

against ESC, after which ESC will reinstate or continue the stay of the State Court Action.  The

State Court Action will thereafter remain stayed unless and until the occurrence of an abandonment

or sale of the Residence.  Within thirty days following the closing of an Applicable Sale, ESC will

dismiss the State Court Action.

### III.   DISCUSSION

### A.    The Legal Standard

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any

order, process or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

MOTION TO APPROVE STIPULATION
WITH EQUITY STOCK CORPORATION

1

2

3

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

4    Fed. R. Bankr. P. 9019(a).

5    "The bankruptcy court has great latitude in approving compromise agreements."

6    *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988). "The

7    purpose of a compromise agreement is to allow the trustee and the creditors to avoid the

8    expenses and burdens associated with litigating contested and dubious claims." *Martin v. Kane*

9    (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C*

10    *Properties*"]. Accordingly, in approving such an agreement, the Court need not conduct an

11    exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be

12    compromised. *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325,

13    1328 (9th Cir. 1982).

14    Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated

15    in good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381. The

16    Court need only canvass the issues to determine whether the compromise falls "below the lowest

17    point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see*

18    *also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir.

19    1985). Finally, although the Bankruptcy Court should consider the reasonable views of

20    creditors, ". . . [O]bjections do not rule. It is well established that compromises are favored in

21    bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

22    In the Ninth Circuit, courts generally look to the following considerations in determining

23    whether a proposed compromise is reasonable, fair, and equitable:

24    (a)    the probability of success in the litigation;

25    (b)    the difficulties, if any, to be encountered in the

26    matter of collection;

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH EQUITY STOCK CORPORATION

76218-00002/4430835.1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1          (c)     the complexity of the litigation involved, and the

2  expense, inconvenience and delay necessarily attending it;

3          (d)     the paramount interest of the creditors and a proper

4  deference to their reasonable views in the premises.

5  *A & C Properties*, 784 F.2d at 1381 (citation omitted).

6  **   B.    <u>The Stipulation Should Be Approved</u>**

7  Consideration of the *A&C Properties* factors leads to the conclusion that the proposed

8  compromise and the terms of the Stipulation should be approved.  With regard to the first and

9  third factors,[2] although the Trustee could have taken the position that ESC is entitled to no lien

10  against the Residence, as the lien associated with the Writ of Attachment is unperfected without

11  an associated judgment, the Trustee acknowledges that ESC could seek relief from stay to

12  continue the State Court Action in an effort to seek entry of a judgment to perfect their lien.

13  Although ESC's ability to obtain relief from stay and then obtain a judgment is not guaranteed,

14  the Trustee understands that ESC would likely vigorously pursue such actions, and the estate

15  would incur substantial administrative expenses in opposition.  Further, in such litigation, ESC

16  could obtain favorable rulings, the result of which could mean that the Residence will be

17  encumbered by ESC's lien leaving no realizable equity in the Residence for the bankruptcy

18  estate.  The Stipulation effectuates a compromise between ESC and the bankruptcy estate

19  without the need for protracted and costly litigation and ensures a benefit to creditors through the

20  Carve-Out.

21  With regard to the fourth factor, the Trustee believes that the paramount interest of the

22  creditors is served by the terms of the Stipulation.  As detailed above, if ESC were successful in

23  obtaining a judgment and perfecting its lien on the Residence, unsecured creditors would receive

24  no benefit from a sale and the Trustee would be forced to abandon the Residence.  By way of the

25  Carve-Out, the Trustee may continue to market the Residence through his Real Estate Brokers.

26  If successful, such sale will benefit the bankruptcy estate by satisfying the large secured claim of

---

[2] The Trustee submits that the second factor is not applicable to the compromise reflected in the Stipulation.

1    Wells Fargo and other undisputed liens junior to ESC, paying down ESC's claim, and resulting

2    in unencumbered funds for the bankruptcy estate through the Carve-Out.

3         Based on these factors, the Trustee believes that the Stipulation is in the best interests of

4    the Bankruptcy Estate under the circumstances, is well within the Trustee's business judgment,

5    and should be approved.  Rund Decl., ¶¶ 8 - 10.

6    **IV.    <u>CONCLUSION</u>**

7         Based on the foregoing, the Trustee requests that the Court enter an order approving the

8    proposed compromise with ESC and the terms of the Stipulation; and granting such other and

9    further relief as is just and appropriate under the circumstances.

10

11

12    DATED:  July 5, 2022                    GREENBERG GLUSKER FIELDS CLAMAN
                                            & MACHTINGER LLP

13

14                                          By: */s/ Keith Patrick Banner*

15                                          JEFFREY A. KRIEGER
                                            KEITH PATRICK BANNER
16                                          Attorneys for Jason M. Rund,
                                            Chapter 7 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH EQUITY STOCK CORPORATION

76218-00002/4430835.1

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.     I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate (the "Bankruptcy Estate") of Bhavneet K. Bhogal (the "Debtor"). I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.     I submit this Declaration in support of the accompanying motion (the "Motion") for entry of an order approving the *Stipulation Between Chapter 7 Trustee and Equity Stock Corporation: (1) Resolving Disputes Regarding Secured Claim; and (2) Granting Certain Carve Outs from Lien on Debtor's Residence in Favor of the Bankruptcy Estate* (the "Stipulation") a true and correct copy of which is attached hereto as Exhibit 1 and is incorporated herein by this reference.[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.     On February 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. Concurrent with the Petition, the Debtor filed her Statement of Financial Affairs ("SOFA") and Schedules of Assets and Liabilities, the latter of which the Debtor partially amended on March 4, 2022 [Docket No. 11] and on May 12, 2022 [Docket No. 40] (as amended, the "Schedules").

4.     In the Debtor's Schedules, she disclosed a 100% interest in a 9,108 square foot residence located at 23415 Pleasant Meadow Road, Diamond Bar, CA 91765 (the "Residence"), which the Debtor valued at $3,698,000. The Debtor's Schedules further disclose a $958,943 consensual first lien on the Property, which, as detailed in the *Motion to Approve Loan Modification* [Docket No. 8] filed on February 8, 2022 and approved by the Court by order

---

[3] To the extent necessary, the Trustee requests that the Court take judicial notice of the Stipulation pursuant to Rule 201 of the Federal Rules of Evidence.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

RUND DECLARATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

entered on March 9, 2022 [Docket No. 18], is currently held by Wells Fargo Bank, N.A., as Trustee for Bear Stearns ARM Trust 2007-5, ("Wells Fargo") pursuant to a first priority deed of trust recorded against the Residence on or about May 3, 2007 as Instrument No. 20071070628 (the "Wells DOT). The Debtor, through her Schedules also claims a $600,000 homestead exemption in the Property pursuant to California Civil Code § 704.730 (the "Homestead Exemption").

5.        On March 30, 2022, I, through counsel, filed my *Application to Employ Coldwell Banker and Dilbeck Real Estate as Real Estate Brokers* [Docket No. 28], which was approved by order entered on April 19, 2022 [Docket No. 36], pursuant to which the I employed Coldwell Banker and Dilbeck Real Estate as real estate brokers, through agents William "Bill" Friedman and Pamela Temple (collectively, the "Real Estate Brokers") to list the Residence for sale. Through my regular communications with the Real Estate Brokers, I understand that the Real Estate Brokers have been actively marketing the property for sale and have shown it to many prospective buyers. I further understand that during the process, the Debtor has been largely cooperative in allowing access to the Residence.

6.        On June 23, 2022, ESC filed a proof of claim in this bankruptcy case, which was denominated as Claim No. 11 (the "ESC Claim") on the claims register maintained by the Clerk of the Court asserting a claim in the amount of $2,451,098.20 secured by the Residence. The ESC Claim is based on a state court action commenced pre-petition styled *Equity Stock Corporation v. Bhogal* Case No. 37-2019-00053391 pending in the San Diego Superior Court (the "State Court Action"). ESC's purported secured claim against the Residence is based on a writ of attachment obtained in the State Court Action pre-petition on August 20, 2021 (the "Writ of Attachment"), which ESC recorded with the Los Angeles County Recorder's Office on October 26, 2021 as Instrument No. 20211608447.

7.        Since the filing of the ESC Claim, ESC and I, through counsel, have engaged in extensive good faith negotiations in an effort to resolve a dispute between the parties regarding the ESC Claim and its asserted lien against the Residence. (the "Dispute"). I have now reached an agreement with ESC memorialized in the Stipulation which resolves the Dispute.

RUND DECLARATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

8.      Consideration of the *A&C Properties* factors leads me to the conclusion, in my business judgment, that the proposed compromise and the terms of the Stipulation should be approved.  With regard to the first and third *A&C Properties* factors,[4] although I could have taken the position that ESC is entitled to no lien against the Residence, as the lien associated with the Writ of Attachment is unperfected without an associated judgment, I acknowledge that ESC could seek relief from stay to continue the State Court Action in an effort to seek entry of a judgment to perfect their lien.  Although ESC's ability to obtain relief from stay and then obtain a judgment is not guaranteed, the Trustee understands that ESC would likely vigorously pursue such actions, and the estate would incur substantial administrative expenses in opposition.  Further, in such litigation, ESC could obtain favorable rulings, the result of which could mean that the Residence will be encumbered by ESC's lien leaving no realizable equity in the Residence for the bankruptcy estate.  The Stipulation effectuates a compromise between ESC and the bankruptcy estate without the need for protracted and costly litigation and ensures a benefit to creditors through the Carve-Out.

9.      I further believe that the paramount interest of the creditors is served by the terms of the Stipulation.  If ESC were successful in obtaining a judgment and perfecting its lien on the Residence, unsecured creditors would receive no benefit from a sale and the Trustee would be forced to abandon the Residence.  By way of the Carve-Out, I can continue to market the Residence through my Real Estate Brokers.  If successful, such sale will benefit the bankruptcy estate by satisfying the large secured claim of Wells Fargo and other undisputed liens junior to ESC, paying down ESC's claim, and resulting in unencumbered funds for the bankruptcy estate through the Carve-Out.

10.      Based on these factors, I believe that the Stipulation is in the best interests of the Bankruptcy Estate under the circumstances, is well within my business judgment, and should be approved.

---

[4] I do not believe that the second factor is applicable to the compromise reflected in the Stipulation.

76218-00002/4430835.1

1         I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3         Executed this 5th day of July 2022, at El Segundo, California.

4

5

6                              JASON M. RUND

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

4

RUND DECLARATION

# Exhibit 1

1  JEFFREY A. KRIEGER (SBN 156535)
   JKrieger@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  2049 Century Park East, Ste. 2600
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Jason M. Rund,
   Chapter 7 Trustee
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                LOS ANGELES DIVISION

12

13 In re:                          Case No. 2:22-bk-10618-ER

14 BAHVNEET K. BHOGAL,             Chapter 7

15            Debtor.              **STIPULATION BETWEEN CHAPTER 7
                                    TRUSTEE AND EQUITY STOCK**
16                                 **CORPORATION: (1) RESOLVING**
                                   **DISPUTES REGARDING SECURED**
17                                 **CLAIM; AND (2) GRANTING CERTAIN**
                                   **CARVE OUTS FROM LIEN ON**
18                                 **DEBTOR'S RESIDENCE IN FAVOR OF**
                                   **THE BANKRUPTCY ESTATE**
19

20

21

22

23     This *Stipulation Between Chapter 7 Trustee and Equity Stock Corporation: (1) Resolving*

24 *Disputes Regarding Secured Claim; and (2) Granting Certain Carve Outs from Lien on Debtor's*

25 *Residence in Favor of the Bankruptcy Estate* (this "Stipulation") is hereby entered into by and

26 between Jason M. Rund, solely in his capacity as the duly appointed Chapter 7 Trustee (the

27 "Trustee") for the bankruptcy estate of Debtor Bhavneet K. Bhogal (the "Debtor"), on the one

28 hand, and creditor Equity Stock Corporation, a California corporation ("ESC"), on the other.  The

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Trustee and ESC are sometimes referred to herein as the "Parties" and each, a "Party".  The

Trustee and ESC enter into this Stipulation with reference to the following facts:

## RECITALS

A.      On February 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition

(the "Petition") under chapter 7 of title 11 of the United States Code, 11 U.S.C. 101, *et seq.* (the

"Bankruptcy Code"), commencing the within chapter 7 bankruptcy case (the "Bankruptcy Case").

On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701

of the Bankruptcy Code.

B.      Concurrent with the Petition, the Debtor filed her *Statement of Financial Affairs*

("SOFA") and *Schedules of Assets and Liabilities*, the latter of which the Debtor partially

amended on March 4, 2022 [Docket No. 11] and on May 12, 2022 [Docket No. 40] (as amended,

the "Schedules").

C.      In the Debtor's Schedules, she disclosed an interest in a 9,108 square foot

residence located at 23415 Pleasant Meadow Road, Diamond Bar, CA 91765 (the "Residence"),

which the Debtor valued at $3,698,000.

D.      The Debtor's Schedules further disclose a $958,943 consensual first lien on the

Property, which, as detailed in the *Motion to Approve Loan Modification* [Docket No. 8] filed on

February 8, 2022 and approved by the Court by order entered on March 9, 2022 [Docket No. 18],

is currently held by Wells Fargo Bank, N.A., as Trustee for Bear Stearns ARM Trust 2007-5,

("Wells Fargo") pursuant to a first priority deed of trust recorded against the Residence on or

about May 3, 2007 as Instrument No. 20071070628 (the "Wells DOT").

E.      The Debtor, through her Schedules also claims a $600,000 homestead exemption

in the Property pursuant to California Civil Code § 704.730 (the "Homestead Exemption").

F.      On March 30, 2022, the Trustee filed his *Application to Employ Coldwell Banker

and Dilbeck Real Estate as Real Estate Brokers* [Docket No. 28], which was approved by order

entered on April 19, 2022 [Docket No. 36], pursuant to which the Trustee employed Coldwell

STIPULATION WITH
EQUITY STOCK CORPORATION
Exhibit 1
7

76218-00002/4419469.1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  Banker and Dilbeck Real Estate as real estate brokers, through agents William "Bill" Friedman

2  and Pamela Temple (collectively, the "Real Estate Brokers") to list the Residence for sale.

3       G.     On June 23, 2022, ESC filed a proof of claim in this bankruptcy case, which was

4  denominated as Claim No. 11 (the "ESC Claim") on the claims register maintained by the Clerk

5  of the Court asserting a claim in the amount of $2,451,098.20 secured by the Residence.  The

6  ESC Claim is based on a state court action commenced pre-petition styled *Equity Stock*

7  *Corporation v. Bhogal* Case No. 37-2019-00053391 pending in the San Diego Superior Court

8  (the "State Court Action").  ESC's purported secured claim against the Residence is based on a

9  writ of attachment obtained in the State Court Action pre-petition on August 20, 2021 (the "Writ

10  of Attachment"), which ESC recorded with the Los Angeles County Recorder's Office on

11  October 26, 2021 as Instrument No. 20211608447.

12       H.     The Trustee and ESC, through counsel, have engaged in extensive, good faith,

13  negotiations and have now reached an agreement which resolves the dispute regarding the ESC

14  Claim and its asserted lien against the Residence (the "Dispute") and provides for certain carve

15  outs in favor of the bankruptcy estate on the terms, provisions, and conditions of this Stipulation.

16       NOW, THEREFORE, in consideration of the foregoing, the Trustee and ESC

17  stipulate and agree as follows:

18                               **STIPULATION:**

19       1.     <u>Incorporation of Recitals</u>.  The Parties hereby represent that the Recitals in this

20  Stipulation are incorporated herein by reference and shall be deemed to be true and correct

21  representations of the Parties with respect to such statements as such statements apply to each Party.

22       2.     <u>Court Approval.</u> This Stipulation is subject to entry of an order of this Court

23  approving this Stipulation that is in form and substance reasonably acceptable to each of the Parties

24  (the "Approval Order").  Upon entry of the Approval Order, the terms of this Stipulation shall be,

25  and the Approval Order shall provide that such terms are, valid and binding upon the Parties and

26  their respective successors and assigns, including but not limited to, as applicable, any successor

27  trustee appointed in the Bankruptcy Case.

28

STIPULATION WITH
EQUITY STOCK CORPORATION

Exhibit 1
8

3.    The ESC Claim.  Subject to the terms of this Stipulation, ESC shall have an allowed claim against the bankruptcy estate in the amount of $2,451,098.20, which, except as provided in Paragraph 6 herein, shall not be subject to further amendment or revision, and shall be deemed secured only to the extent as provide in Paragraph 4 of this Stipulation.

4.    The ESC Secured Claim.  In connection with any sale of the Residence initiated by the Trustee in this Bankruptcy Case (an "Applicable Sale"), ESC shall hold an allowed secured claim (the "ESC Secured Claim") in an amount equal to the "Net Sale Proceeds."  For purposes of this Stipulation, Net Sale Proceeds shall be defined as the total consideration paid by the buyer, or any successful over bidder, for the Residence, net of the following: (i) an aggregate real estate brokers' commission of five percent (5%) of the total purchase price (the "Brokers' Fees"); (ii) payment of all customary costs necessary to close the sale, including transfer taxes, utilities, insurance, escrow fees, and title fees (collectively, the "Closing Costs"); (iii) payment of all real property taxes outstanding at the time of the closing of the sale, including all non-payment penalties and fees, as applicable (the "Property Taxes"); (iv) payment to Wells Fargo in full satisfaction of their claim secured by the Wells DOT; (v) payment in full of any other undisputed liens senior to ESC and/or payment of any Disputed Lien Holdback, as defined in Paragraph 7 herein; and (vi) payment of the Homestead Exemption.  The Net Sales Proceeds, less the Carve-Out, as defined in Paragraph 5 herein, shall be paid to ESC from escrow, before or simultaneously with the payment of the Carve-Out to the Trustee.  Except as provided in this Paragraph 4, the ESC Secured Claim will not encumber, attached to or create a lien in any other property of the bankruptcy estate, including but not limited to claims of the bankruptcy estate arising under chapter 5 of the Bankruptcy Code.

5.    Estate Carve-Out.  As consideration for full resolution of the Dispute in connection with an Applicable Sale, ESC agrees that, from the amount which ESC would otherwise receive on account of the ESC Secured Claim, ESC will permit to be paid to the Trustee through escrow at the close of the sale a carve-out to the Trustee in favor of the bankruptcy estate, as follows: (i) 30% of the Net Sale Proceeds if the purchase price for the Residence does not exceed $2,916,308; or (ii)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

4

$325,000.00 if the purchase price for the Residence exceeds $2,916,308 (the "Carve-Out"). ESC agrees that the ESC Secured Claim and any lien applicable thereto shall be subject to, and subordinate in all respects to the Carve-Out and that the Carve-Out shall be free and clear proceeds of the bankruptcy estate.

6.    Deficiency Claim. Following the closing of an Applicable Sale, ESC shall be granted an allowed general unsecured claim against the bankruptcy estate (the "ESC Deficiency Claim") in an amount equal to the ESC Claim, less the Net Sale Proceeds on a dollar-for-dollar basis, plus the amount paid on account of the Carve-Out. Within forty-five (45) days following the closing of an Applicable Sale, ESC shall file an amended proof of claim in the Bankruptcy Case setting forth the ESC Deficiency Claim.

7.    Disputed Senior Liens. As to any liens on the Residence senior to the ESC Secured Claim that the Trustee, in his sole discretion determines is subject of a bona fide dispute (a "Disputed Lien") an amount equal to the face value of such secured claim shall be paid to the Trustee through escrow at the closing of an Applicable Sale and shall be held (a "Disputed Lien Holdback") pending entry of a final Court order fully adjudicating that dispute or approving a settlement thereof, upon entry of which any remaining amount of the Disputed Lien Holdback shall be paid to ESC, less the applicable Carve-Out. Nothing herein shall be construed as compelling the Trustee to dispute any lien asserted against the Residence, and the decision to object to, litigate and/or settle any Disputed Lien shall be in the Trustee's sole discretion.

8.    No Super-Priority Claim. Except for the ESC Secured Claim and the ESC Deficiency Claim, upon the closing of an Applicable Sale of the Residence, ESC waives any and all claims against the bankruptcy estate with respect to the Residence or the sale proceeds thereof, including but not limited to any "super-priority" or "administrative claim".

9.    Credit Bid. In the event that ESC elects to purchase the Residence or elects to submit an overbid in connection with a motion to approve the sale of the Residence, ESC shall be permitted to credit bid its ESC Secured Claim against the purchase price, only if it satisfies the following condition in connection with such purchase: ESC pays into escrow amounts sufficient to pay the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

STIPULATION WITH
EQUITY STOCK CORPORATION
Exhibit 1
10

76218-00002/4419469.1

Brokers' Fees, Closing Costs, Property Taxes, payment to Wells Fargo in full satisfaction of their claim secured by the Wells DOT, payment in full on any undisputed liens senior to ESC and/or payment of a Disputed Lien Holdback; payment in full of the Homestead Exemption; and payment in full of the applicable Carve-Out.

10.    <u>Abandonment</u>.   Notwithstanding anything herein to the contrary, if the Trustee determines in his business judgment that the Residence is burdensome to the bankruptcy estate or of inconsequential value, the Trustee may seek to abandon the Residence as provided in the Bankruptcy Code, the Federal Rules Bankruptcy Procedure and the Local Bankruptcy Rules (an "Abandonment").   Upon an Abandonment, ESC will be granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed in the State Court Action only as necessary to perfect its lien on the Residence and may otherwise pursue its rights under non bankruptcy law to foreclose on the Residence.   Notwithstanding the foregoing, the occurrence of an Abandonment shall not confer additional rights to ESC against the bankruptcy estate and the remaining applicable provisions of this Stipulation shall remain valid and binding on the Parties.

11.    <u>Dismissal of State Court Action</u>.   Except as provided in Paragraph 12 hereof, the State Court Action shall remain stayed unless and until the occurrence of an Abandonment as provided in Paragraph 10 hereof.   No later than thirty (30) days following the closing of an Applicable Sale, ESC shall take all action necessary to dismiss the State Court Action.   The dismissal of the State Court Action pursuant to this Paragraph 11 shall not impact the validity and allowance of the ESC Deficiency Claim.

12.    <u>Dismissal of Counterclaim</u>.   No later than thirty (30) days following entry of the Approval Order, the Parties shall file a stipulation in the State Court Action dismissing all counterclaims asserted against ESC by the Debtor, after which ESC will take all actions necessary to reinstate or continue the stay of the State Court Action.

13.    <u>Modification and Amendment.</u>   No waiver, modification, or amendment of any of the provisions in this Stipulation shall be effective unless it is set forth in writing, signed by the Parties, and approved by the Bankruptcy Court.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

14.    <u>Miscellaneous</u>.

(a)    Captions and Headings.  The captions and headings in this Stipulation are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

(b)    Authority.  The undersigned represent and warrant that they have the requisite authority to enter into this Stipulation on behalf of the respective Parties.

(c)    Severability.  The Parties agree not to challenge this Stipulation, nor any provision hereof, as illegal, invalid, or unenforceable.  If any portion, provision or part of this Stipulation is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions, or parts of this Stipulation and shall not affect the validity or enforceability of such remaining portions, provisions, or parts of this Stipulation.  The Parties expressly agree that the terms of this Stipulation shall be construed in a manner designed to make it valid and enforceable to the fullest extent possible.

(d)    Entire Agreement.  This Stipulation contains the entire understanding of the Parties and supersedes any prior understandings or agreements concerning the subject matter of this Stipulation.

(e)    Attorneys' Fees.  Except as otherwise expressly set forth herein, each of the Parties agree to bear its respective costs and attorney fees incurred in connection with this Stipulation.  Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, the prevailing party shall be entitled to receive such amount as the Bankruptcy Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

(f)    Further Assurances. The Parties agree to execute all further documents and perform such further acts as may reasonably be required to effectuate the purpose and intent of this Stipulation, and to use reasonable efforts to obtain entry of the Approval Order.

7

(g)    Counterparts. This Stipulation may be executed in original, .pdf, or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all Parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

(h)    Jurisdiction. Each Party agrees that this Stipulation shall be governed by and interpreted under the laws of the State of California and, to the extent applicable, the Bankruptcy Code. Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court and the Bankruptcy Court's authority to enter a final ruling with respect to any such action.

(i)    No Third-Party Beneficiary. This Stipulation is for the benefit of the Parties and their respective successors and assigns, and no third person who is not one of the Parties or their respective successors and assigns shall be entitled to any of the benefits hereof.

IN WITNESS WHEREOF, the parties hereto execute this Stipulation as of the date set forth opposite their respective signatures.

DATED: June 4, 2022

_____
JASON M. RUND, Solely in his Capacity as Chapter 7 Trustee of the Bankruptcy Estate of Bhavneet K. Bhogal

DATED: June 30, 2022

EQUITY STOCK CORPORATION

By: _____
Name: Mike Alexander Godin
Its: C.E.O.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

8

STIPULATION WITH
EQUITY STOCK CORPORATION

Exhibit 1
13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):
**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND EQUITY STOCK CORPORATION: (1)
RESOLVING DISPUTES REGARDING SECURED CLAIM; AND (2) GRANTING CERTAIN CARVE
OUTS FROM LIEN ON DEBTOR'S RESIDENCE IN FAVOR OF THE BANKRUPTCY ESTATE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/05/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 07/05/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.
Debtor
Bhavneet K Bhogal
23415 Pleasant Meadow Rd
Diamond Bar, CA 91765-3366

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/05/2022, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Via Messenger
The Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/05/2022 | Viktoriia Afanasieva | /s/ *Viktoriia Afanasieva* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**
Exhibit 1

14

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Keith Patrick Banner    kbanner@greenbergglusker.com,
sharper@greenbergglusker.com;calendar@greenbergglusker.com
M. Candice Bryner    candice@brynerlaw.com
Jeffrey J Hagen    jeff@hagenhagenlaw.com
Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Austin P Nagel    edward.yoo@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Gary Polston    gmp@polstonlaw.com, polstonlaw@jubileebk.net
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Exhibit 1
15

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND EQUITY STOCK CORPORATION: (1) RESOLVING DISPUTES REGARDING SECURED CLAIM; AND (2) GRANTING CERTAIN CARVE OUTS FROM LIEN ON DEBTOR'S RESIDENCE IN FAVOR OF THE BANKRUPTCY ESTATE DECLARATION OF JASON M. RUND**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 5, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Keith Patrick Banner: kbanner@greenbergglusker.com, sharper@greenbergglusker.com, calendar@greenbergglusker.com
M. Candice Bryner: candice@brynerlaw.com
Jeffrey J Hagen: jeff@hagenhagenlaw.com
Kirsten Martinez: Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Austin P Nagel: edward.yoo@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Gary Polston: gmp@polstonlaw.com, polstonlaw@jubileebk.net
Jason M Rund (TR): trustee@srlawyers.com, jrund@ecf.axosfs.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) July 5, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor:
Bhavneet K. Bhogal
23415 Pleasant Meadow Rd.
Diamond Bar, CA 91765

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 30, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

76218-00002/4430835.1

transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Messenger</u>
The Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 5, 2022 | Viktoriia Afanasieva | /s/ Viktoriia Afanasieva |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

76218-00002/4430835.1