1  Jason M. Rund
   Chapter 7 Trustee
2  270 Coral Circle
   El Segundo, California 90245
3  Telephone:  310-640-1200
   Facsimile:  310-640-0200
4  Email:  trustee@srlawyers.com

5  Chapter 7 Trustee

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                       **LOS ANGELES DIVISION**

11

12  In re                              Case No. 2:22-bk-10618-ER

13  BHAVNEET K. BHOGAL,                Chapter 7

14          Debtor.                    **(1)   STIPULATION FOR
                                             ABANDONMENT OF ASSETS IN
15                                           EXCHANGE FOR PAYMENT BY
                                             DEBTOR TO THE BANKRUPTCY
16                                           ESTATE; AND
                                       (2)   TRUSTEE'S MOTION FOR
17                                           AUTHORITY TO COMPROMISE
                                             WITH DEBTORS; MEMORANDUM
18                                           OF POINTS AND
                                             AUTHORITIES; AND
19                                           DECLARATION OF JASON M.
                                             RUND**
20
                                       [No Hearing Required]
21
              **STIPULATION FOR ABANDONMENT AND COMPROMISE**
22
          This stipulation for abandonment and compromise (the
23
   "Stipulation") is made by and between Jason M. Rund, the Chapter 7
24
   trustee (the "Trustee") for the bankruptcy estate of Bhavneet K.
25
   Bhogal (the "Debtor"), on the one hand, and the Debtor, on the
26
   other.
27
   ///
28

                                  -1-

**Recitals**

**A.    Bankruptcy Facts**

1.    On or about February 3, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

2.    Jason M. Rund was subsequently appointed as the Chapter 7 Trustee for the Debtors estate and continues to serve in that capacity.

**B.    The Subject Assets**

3.    The Debtors Amended Schedule A/B includes the following vehicles which are property of the bankruptcy estate and the subject of this Stipulation:

Cars, vans, trucks, tractors, sport utility vehicles, motorcycles:

| Description | Value | Lien | Exemption |
|---|---|---|---|
| 2009 Mercedes-Benz S500 "Mercedes") | $4,517 | $0.00 | $0.00 |
| 2021 Tesla Motors S ("Tesla") | $45,000 | $33,200 | $3,325.00 |

The Tesla is incorrectly identified on the Schedule A/B as a Model S. The vehicle is actually a Model 3 as set forth on the vehicle registration. The Tesla was originally scheduled with a value of $40,000.  Debtor represents the Tesla has been involved in two accidents and the Mercedes has a "salvage title."

4.    The Trustee has researched the value of the Assets through Nadaguides.com and determined that the values on the amended schedule appear reasonable.

5.    In lieu of investing the time and expense of selling the Assets, the Trustee and the Debtor have agreed to compromise and

1 settle the matter on the terms and conditions set forth herein,

2 subject to Court approval.

3 **Terms of the Stipulation**

4     6.    RECITALS. Recitals 1-5 above are incorporated herein by

5 this reference.

6     7.    EFFECTIVE DATE.  This Stipulation shall become effective

7 ("Effective Date") and binding on the Parties hereto upon the

8 entry of a final non-appealable order of the Bankruptcy Court

9 approving this Stipulation ("Approval Order.")

10     8.    PAYMENT.  The Debtor shall pay to the Trustee the sum of

11 $10,750 (the "Settlement Payment") upon execution of this

12 Stipulation and in no event later than September 30, 2022. This

13 Stipulation is not valid unless the Settlement Payment is

14 received.  The Debtor waives any exemption in the Settlement

15 Payment. The Settlement Payment is allocated as follows: $7,475.00

16 to the Tesla and $3,275.00 to the Mercedes.

17     9.    INSURANCE. Debtor shall maintain current insurance on

18 The Assets until the Effective Date.

19     10.    DEFAULT.  In the event the Debtor defaults on any

20 provision of this Stipulation, including the failure to timely pay

21 any portion of the Settlement Payment, the Parties agree as

22 follows:

23         a. The Debtor shall immediately turnover and deliver the

24           Tesla and Mercedes to the Trustee;

25         b. The Trustee may proceed to liquidate the Tesla and

26           Mercedes for the benefit of the estate with the

27           bankruptcy estate retaining all net proceeds of the sale

28           subject only to Debtors claimed exemption; and

      c. The Debtor shall cooperate with the Trustee and his
personal property brokers in the marketing and of the
Assets.

12.   NO HYPOTEHICATION.   During the term of this Stipulation,
the Debtor shall not hypothecate or encumber the Assets.

13.   ABANDONMENT OF ASSETS:   Upon the Effective Date of the
Stipulation and receipt of the Settlement Payment, the Trustee
will abandon, without further notice to any parties in interest,
the Assets to the Debtor pursuant to 11 U.S.C. § 554(a).   The
Assets are abandoned to the Debtor "as is" and "where is"
condition without representations, warranties or recourse
whatsoever and subject to all liens.

14.   INTERPRETATION.   The parties acknowledge that they have
reviewed and approved this Stipulation.   If there is a dispute
over the meaning of any provision, this agreement shall not be
interpreted against either party, regardless of which one prepared
the initial draft hereof.

15.   PARTIES BOUND.   This Stipulation is binding upon and
shall inure to the benefit of the parties herein, and their
respective attorneys, agents, heirs, administrators, successors,
assigns and executors.

16.   AUTHORITY AND ASSIGNMENT.   The parties represent and
warrant that they have the authority to enter into this
Stipulation and that they have not pledged or assigned any of
their claims that are the subject of this Stipulation against any
other party to this Stipulation.

17.   EXECUTION.   This Stipulation may be executed in one or
more counterparts each of which shall be deemed an original, but

-4-

1 all of which together shall constitute one and the same

2 instrument.  Signatures via facsimile or PDF shall be considered

3 an original.

4     18.   INTEGRATION.   This Stipulation constitutes the entire

5 agreement between the parties hereto pertaining to the subject

6 matter hereof and supersedes all prior and contemporaneous

7 agreements and other negotiations between the parties.  No

8 supplement, modification, waiver of termination of this

9 Stipulation shall be binding unless executed in writing by the

10 parties to be bound thereby.

11     19.   APPROVAL.   This Stipulation is subject to the notice and

12 hearing requirements of the Bankruptcy Code and approval of the

13 Court in the Debtor's bankruptcy case.  If the Court does not

14 approve this Stipulation any money paid by the Debtor will be

15 returned and this Stipulation will be of no force or effect.

16     20.   JURISDICTION.   The parties agree that the United States

17 Bankruptcy Court for the Central District of California shall have

18 sole jurisdiction to resolve any controversy or claim arising out

19 of or relating to this Stipulation.

20                    [Signatures on Next Page]

21

22

23

24

25

26

27

28

1 │ Dated: ~~September~~ October 24, 2022

Jason M. Rund, Chapter 7 Trustee

4 │ Dated: September 30, 2022

Bhavneet K. Bhogal, Debtor

7 │ Approved as to Form and Content

9 │ Dated: September 30, 2022

Gary Polston, Esq.
Attorney for Bhavneet K. Bhogal,
Debtor

- 6 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE COURT SHOULD APPROVE THIS STIPULATION FOR

## COMPROMISE BECAUSE IT IS IN THE BEST INTEREST OF THE ESTATE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

Federal Rule of Bankruptcy Procedure 9019(a) provides in part: "On motion by the trustee and after notice and a hearing on notice to creditors, the court may approve a compromise or settlement."

The Supreme Court, in <u>Protective Committee for Independent Stockholders of TNT Trailer Ferry. Inc. v. Anderson</u>, 390 U.S. 414, 425 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should:

> apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.  Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collection on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

The Ninth Circuit has clarified the inquiry as follows:

> In determining the fairness, reasonableness and adequacy of a proposed compromise, the court must consider:  (a) probability of success in litigation, (b) the difficulties, if any, to be encounter in the matter of collection, (c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it, and (d) the paramount interest of the creditors and a proffered deference to their reasonable views in the premises.

1  In re A & C Properties, 784 F.2d 1377, 1388 (9th Cir. 1986), cert.

2  denied, 479 U.S. 854, 107 S. Ct. 189 (1986).

3      The Trustee, the party proposing the compromise, admittedly

4  has the burden of persuading the bankruptcy court that the

5  compromise is fair and equitable and should be approved.  See id.

6  Although "the objections of creditors to the compromise must be

7  afforded due deference, such objections are not controlling . . .

8  [W]hile the court must preserve the rights of the creditors, it

9  must also weigh certain factors to determine whether the

10 compromise is in the best interest of the estate."  Id. at 1382.

11     The bankruptcy court has wide latitude and discretion in

12 evaluating a proposed compromise because the judge is "uniquely

13 situated to consider the equities and reasonableness."  United

14 States v. Alaska National Bank (In re Walsh Construction, Inc.),

15 669 F.2d 1325, 1328 (9th Cir. 1982).  The Ninth Circuit has

16 further stated:

17          A compromise agreement allows the trustee and
            the creditors to avoid the expenses and
18          burdens associated with litigating 'sharply
            contested and dubious' claims.  The bankruptcy
19          court need not conduct an exhaustive
            investigation into the validity of the
20          asserted claim.  It is sufficient that, after
            apprising itself of all facts necessary for an
21          intelligent and objective opinion concerning
            the claim's validity, the court determines
22          that either (1) the claim has a 'substantial
            foundation' and is not clearly invalid as a
23          matter of law, or (2) the outcome of the
            claim's litigation is 'doubtful.'
24
   Id. at 1328 (citations omitted).
25

26     It is also true that the Court need not "decide the numerous

27 questions of law and fact raised by [the objectors] but rather to

28 canvass the issues and see whether the settlement 'falls below the

lowest point in the range of reasonableness.'" _In re Carla
Leather, Inc._, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) (quoting _In
re W. T. Grant & Co._, 699 F.2d 599, 608 (2d Cir. 1983) (emphasis
added), _cert. denied_, 464 U.S. 822, 104 S. Ct. 89 (1983)), _aff'd_,
50 B.R. 764 (S.D.N.Y. 1985).

The Trustee, in the exercise of his reasonable business
judgment, believes that accepting the Settlement Payment and
entering into the Stipulation is an efficient and cost effective
means to administer the Assets. The overall time to administer the
estate will be less than if the Trustee had to auction the Assets.
In addition, by entering into the compromise with the Debtor and
abandoning the Assets, the estate will save the costs associated
with a personal property broker or auctioneer.  The Trustee
believes the estate is receiving substantially the same amount by
entering into this agreement as it would otherwise receive in a
liquidation sale.

| Description | Scheduled Value | Lien | Exemption |
|---|---|---|---|
| 2009 Mercedes-Benz S500 "Mercedes") | $4,517 | $0.00 | $0.00 |
| 2021 Tesla Motors S ("Tesla") | $45,000 | $33,200 | $3,325.00 |

The potential equity before costs of sale is approximately
$12,992.  The Trustee estimates costs of sale to be approximately
$3,000.  Therefore, the net equity is approximately $9,992. The
Trustee believes that the $10,750.00 settlement is fair and
reasonable and in the best interest of the estate.  The compromise
eliminates the uncertainty of the final sale price of the Assets
at auction without incurring commissions, transfer fees or other

1  costs.  The Settlement Payment has been received. The Trustee

2  requests that the Court approve this proposed settlement.

3  **II.**

4  **ABANDONMENT OF THE ASSETS**

5      Section 554 provides, in relevant part:

6      (a)  After notice and a hearing, the trustee may abandon any

7  property of the estate that is burdensome to the estate or

8

9  that is of inconsequential value and benefit to the estate.

10     A bankruptcy trustee may abandon an estate's interest in

11  property if the cost of administration of the property would

12  exceed the benefit or value of the property to the estate, making

13  it burdensome to the estate and of inconsequential value and

14  benefit to the estate.  See In re Alsberg, 161 B.R. 680, 683 (9th

15  Cir. BAP 1993).

16     Upon Court approval of this Stipulation and receipt of the

17  Settlement Payment, the Trustee believes that a fair amount for

18  the Assets will have been received particularly where this sale

19  will be accomplished by way of abandonment and without incurring

20  any commissions, transfer fees or other costs.  The Trustee

21  believes that this sale by way of abandonment will result in the

22  substantially the same amount if the Assets were sold to a third

23  party.

24  **III.**

25  **NOTICE TO CREDITORS**

26     The Trustee believes that notice of this proposed compromise

27  and abandonment should be served upon all known creditors and

28  parties in interest.  The Trustee will serve a notice of the

proposed compromise to such persons to give timely notice of the opportunity for a hearing thereon.  The Trustee further requests that this Court determine the sufficiency of that notice and the parties given notice therein.

**IV.**

**CONCLUSION**

The Trustee respectfully requests that the Court approve the within compromise, abandonment of the Assets and the form and manner of the notice.  The Trustee further prays for all other appropriate relief.

Dated: October 24, 2022

/s/ Jason M. Rund
Jason M. Rund
Chapter 7 Trustee

1                         **DECLARATION OF JASON M. RUND**

2      I, Jason M. Rund, declare as follows:

3      1.   I am the Chapter 7 trustee (the "Trustee") for the

4 bankruptcy estate of Bhavneet K. Bhogal (the "Debtor").   The facts

5 stated herein are known to me to be true based on my personal

6 knowledge, except for those matters based on information and

7 belief, and I believe those facts to be true.   If called as a

8 witness, I could and would competently testify thereto.

9      2.   On or about February 3, 2022, the Debtor filed a

10 voluntary petition for relief under Chapter 7 of Title 11 of the

11 United States Code.

12      3.   I was subsequently appointed as the Chapter 7 Trustee

13 for the Debtors estate and I continue to serve in that capacity.

14      4.   The Debtors Schedule A/B lists vehicles which are

15 property of the bankruptcy estate as set forth below:

16     Cars, vans, trucks, tractors, sport utility vehicles,

17 motorcycles:

| Description | Value | Lien | Exemption |
|---|---|---|---|
| 2009 Mercedes-Benz S500 | $4,517 | $0.00 | $0.00 |
| 2021 Tesla Motors S | $45,000 | $33,200 | $3,325.00 |

22      5.   The above properties shall be referred to herein as the

23 "Assets".

24      6.   I researched the value of the Assets through

25 Nadaguides.com and determined that the scheduled values appear

26 reasonable. Trustee believes the Mercedes value is probably worth

27 less then scheduled by confirmation of a copy of the registration

28 received, the Mercedes is a "salvage title".

7.    In lieu of investing the time and expense of selling the Assets, I have entered into a Stipulation with the Debtor and have agreed to compromise and settle the matter on the terms and conditions set forth therein, subject to Court approval.

8.    The potential equity before costs of sale is approximately $12,992.  I estimate costs of sale to be approximately $3,000.  Therefore, the net equity is approximately $9,992. In the exercise of my reasonable business judgment, I determined accepting the $10,750.00 Settlement Payment is an efficient and effective means to administer the Assets. The overall time to administer the estate will be less than if I had to sell the Assets.  In addition, by entering into the compromise with the Debtors and abandoning the Assets, the estate will save the costs associated with a personal property broker or auctioneer.  I believe the estate and the creditors are receiving substantially the same as they would otherwise receive thru liquidation by entering into this agreement.  I received the Settlement Payment from the Debtor.

9.    Abandonment of the Assets is appropriate because I believe that this is a reasonable amount for the Assets particularly where this sale will be accomplished by way of abandonment and without incurring any commissions, transfer fees or other costs.  I believe that this sale by way of abandonment will result in substantially the same than if the Assets were sold to a third party. There is always uncertainty at auction regarding the ultimate sale price.

10.   I believe that the settlement proposed in the Motion is fair and reasonable, and in the best interest of the estate and

creditors, and I request that the Court approve the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 24, 2022 at El Segundo, California.

_/s/ Jason M. Rund_____
Jason M. Rund

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
270 Coral Circle
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled (*specify*): **(1) Stipulation for Abandonment of Assets in Exchange for Payment by Debtor to the Bankruptcy Estate; and (2) Trustee's Motion for Authority to Compromise with Debtor; Memorandum of Points and Authorities and Declaration of Jason M. Rund** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 24, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Counsel for Debtor: Gary Polston, gmp@polstonlaw.com polston@jubileebk.net
Counsel for Trustee: Greenberg Glusker Fields Claman & Machtinger LLP, kbanner@greenbergglusker.com, vafanasieva@greenbergglusker.com; calendar@greenbergglusker.com
NEF: antwanette.hardin@bonialpc.com; Notices.Bonial@ecf.courtdrive.com; jeff@hagenhagenlaw.com; Kirsten.Martinez@bonialpc.com; Notices.Bonial@ecf.courtdrive.com; candice@brynerlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On October 24, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Bhavneet K Bhogal
23415 Pleasant Meadow Rd
Diamond Bar, CA  91765-3366

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 24, 2022 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.