| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jason M. Rund<br>Chapter 7 Trustee<br>270 Coral Circle<br>El Segundo, California 90245<br>Telephone: 310-640-1200<br>Facsimile: 310-640-0200<br>Email: trustee@srlawyers.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>BHAVNEET K. BHOGAL,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:22-bk-10618-ER<br><br>CHAPTER: 7<br><br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br><br>[No hearing unless requested in writing] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Jason M. Rund, Chapter 7 Trustee                                                                             ,
   filed a motion or application (Motion) entitled (1) Stipulation for Abandonment of Asset in Exchange for Payment by Debtor to the Bankruptcy Estate; and (2) Trustee's Motion for Authority to Compromise with Debtor                       .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):
   ☒ The full Motion is attached to this notice; or
   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                              Page 1                              **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

   (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2) Movant will lodge an order that the court may use to grant the Motion; and

   (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 10/24/2022

/s/ Jason M. Rund
Signature of Movant or attorney for Movant

Jason M. Rund, Chapter 7 Trustee
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

```
1  Jason M. Rund
   Chapter 7 Trustee
2  270 Coral Circle
   El Segundo, California 90245
3  Telephone:  310-640-1200
   Facsimile:  310-640-0200
4  Email:  trustee@srlawyers.com

5  Chapter 7 Trustee
```

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re | Case No. 2:22-bk-10618-ER |
|---|---|
| BHAVNEET K. BHOGAL, | Chapter 7 |
| Debtor. | **(1) STIPULATION FOR ABANDONMENT OF ASSETS IN EXCHANGE FOR PAYMENT BY DEBTOR TO THE BANKRUPTCY ESTATE; AND** |
| | **(2) TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE WITH DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JASON M. RUND** |
| | [No Hearing Required] |

**STIPULATION FOR ABANDONMENT AND COMPROMISE**

This stipulation for abandonment and compromise (the "Stipulation") is made by and between Jason M. Rund, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Bhavneet K. Bhogal (the "Debtor"), on the one hand, and the Debtor, on the other.

///

-1-

**Recitals**

**A.   Bankruptcy Facts**

1.   On or about February 3, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

2.   Jason M. Rund was subsequently appointed as the Chapter 7 Trustee for the Debtors estate and continues to serve in that capacity.

**B.   The Subject Assets**

3.   The Debtors Amended Schedule A/B includes the following vehicles which are property of the bankruptcy estate and the subject of this Stipulation:

<u>Cars, vans, trucks, tractors, sport utility vehicles, motorcycles</u>:

| Description | Value | Lien | Exemption |
|---|---|---|---|
| 2009 Mercedes-Benz S500 "Mercedes") | $4,517 | $0.00 | $0.00 |
| 2021 Tesla Motors S ("Tesla") | $45,000 | $33,200 | $3,325.00 |

The Tesla is incorrectly identified on the Schedule A/B as a Model S. The vehicle is actually a Model 3 as set forth on the vehicle registration. The Tesla was originally scheduled with a value of $40,000. Debtor represents the Tesla has been involved in two accidents and the Mercedes has a "salvage title."

4.   The Trustee has researched the value of the Assets through Nadaguides.com and determined that the values on the amended schedule appear reasonable.

5.   In lieu of investing the time and expense of selling the Assets, the Trustee and the Debtor have agreed to compromise and

-2-

settle the matter on the terms and conditions set forth herein, subject to Court approval.

**Terms of the Stipulation**

6. RECITALS. Recitals 1-5 above are incorporated herein by this reference.

7. EFFECTIVE DATE. This Stipulation shall become effective ("Effective Date") and binding on the Parties hereto upon the entry of a final non-appealable order of the Bankruptcy Court approving this Stipulation ("Approval Order.")

8. PAYMENT. The Debtor shall pay to the Trustee the sum of $10,750 (the "Settlement Payment") upon execution of this Stipulation and in no event later than September 30, 2022. This Stipulation is not valid unless the Settlement Payment is received. The Debtor waives any exemption in the Settlement Payment. The Settlement Payment is allocated as follows: $7,475.00 to the Tesla and $3,275.00 to the Mercedes.

9. INSURANCE. Debtor shall maintain current insurance on The Assets until the Effective Date.

10. DEFAULT. In the event the Debtor defaults on any provision of this Stipulation, including the failure to timely pay any portion of the Settlement Payment, the Parties agree as follows:

    a. The Debtor shall immediately turnover and deliver the Tesla and Mercedes to the Trustee;

    b. The Trustee may proceed to liquidate the Tesla and Mercedes for the benefit of the estate with the bankruptcy estate retaining all net proceeds of the sale subject only to Debtors claimed exemption; and

-3-

1         c. The Debtor shall cooperate with the Trustee and his
2            personal property brokers in the marketing and of the
3            Assets.

4     12.  NO HYPOTEHICATION.  During the term of this Stipulation,
5 the Debtor shall not hypothecate or encumber the Assets.

6     13.  ABANDONMENT OF ASSETS:  Upon the Effective Date of the
7 Stipulation and receipt of the Settlement Payment, the Trustee
8 will abandon, without further notice to any parties in interest,
9 the Assets to the Debtor pursuant to 11 U.S.C. § 554(a).  The
10 Assets are abandoned to the Debtor "as is" and "where is"
11 condition without representations, warranties or recourse
12 whatsoever and subject to all liens.

13     14.  INTERPRETATION.  The parties acknowledge that they have
14 reviewed and approved this Stipulation.  If there is a dispute
15 over the meaning of any provision, this agreement shall not be
16 interpreted against either party, regardless of which one prepared
17 the initial draft hereof.

18     15.  PARTIES BOUND.  This Stipulation is binding upon and
19 shall inure to the benefit of the parties herein, and their
20 respective attorneys, agents, heirs, administrators, successors,
21 assigns and executors.

22     16.  AUTHORITY AND ASSIGNMENT.  The parties represent and
23 warrant that they have the authority to enter into this
24 Stipulation and that they have not pledged or assigned any of
25 their claims that are the subject of this Stipulation against any
26 other party to this Stipulation.

27     17.  EXECUTION.  This Stipulation may be executed in one or
28 more counterparts each of which shall be deemed an original, but

1  all of which together shall constitute one and the same
2  instrument.  Signatures via facsimile or PDF shall be considered
3  an original.
4       18.  INTEGRATION.  This Stipulation constitutes the entire
5  agreement between the parties hereto pertaining to the subject
6  matter hereof and supersedes all prior and contemporaneous
7  agreements and other negotiations between the parties.  No
8  supplement, modification, waiver of termination of this
9  Stipulation shall be binding unless executed in writing by the
10 parties to be bound thereby.
11      19.  APPROVAL.  This Stipulation is subject to the notice and
12 hearing requirements of the Bankruptcy Code and approval of the
13 Court in the Debtor's bankruptcy case.  If the Court does not
14 approve this Stipulation any money paid by the Debtor will be
15 returned and this Stipulation will be of no force or effect.
16      20.  JURISDICTION.  The parties agree that the United States
17 Bankruptcy Court for the Central District of California shall have
18 sole jurisdiction to resolve any controversy or claim arising out
19 of or relating to this Stipulation.
20                     [Signatures on Next Page]

1 | Dated: ~~September~~ October 24, 2022    _____
                                              Jason M. Rund, Chapter 7 Trustee

2

3

4 | Dated: September 30, 2022    _____
                                 Bhavneet K. Bhogal, Debtor

5

6

7 | Approved as to Form and Content

8

9 | Dated: September 30, 2022    _____
                                 Gary Polston, Esq.
10                               Attorney for Bhavneet K. Bhogal,
                                 Debtor

-6-

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**THE COURT SHOULD APPROVE THIS STIPULATION FOR COMPROMISE BECAUSE IT IS IN THE BEST INTEREST OF THE ESTATE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

Federal Rule of Bankruptcy Procedure 9019(a) provides in part: "On motion by the trustee and after notice and a hearing on notice to creditors, the court may approve a compromise or settlement."

The Supreme Court, in <u>Protective Committee for Independent Stockholders of TNT Trailer Ferry. Inc. v. Anderson</u>, 390 U.S. 414, 425 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should:

> apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.  Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collection on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

The Ninth Circuit has clarified the inquiry as follows:

> In determining the fairness, reasonableness and adequacy of a proposed compromise, the court must consider:  (a) probability of success in litigation, (b) the difficulties, if any, to be encounter in the matter of collection, (c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it, and (d) the paramount interest of the creditors and a proffered deference to their reasonable views in the premises.

1  In re A & C Properties, 784 F.2d 1377, 1388 (9th Cir. 1986), cert.
2  denied, 479 U.S. 854, 107 S. Ct. 189 (1986).

3    The Trustee, the party proposing the compromise, admittedly
4  has the burden of persuading the bankruptcy court that the
5  compromise is fair and equitable and should be approved. See id.
6  Although "the objections of creditors to the compromise must be
7  afforded due deference, such objections are not controlling . . .
8  [W]hile the court must preserve the rights of the creditors, it
9  must also weigh certain factors to determine whether the
10 compromise is in the best interest of the estate." Id. at 1382.

11   The bankruptcy court has wide latitude and discretion in
12 evaluating a proposed compromise because the judge is "uniquely
13 situated to consider the equities and reasonableness." United
14 States v. Alaska National Bank (In re Walsh Construction, Inc.),
15 669 F.2d 1325, 1328 (9th Cir. 1982). The Ninth Circuit has
16 further stated:

> A compromise agreement allows the trustee and the creditors to avoid the expenses and burdens associated with litigating 'sharply contested and dubious' claims. The bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim. It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion concerning the claim's validity, the court determines that either (1) the claim has a 'substantial foundation' and is not clearly invalid as a matter of law, or (2) the outcome of the claim's litigation is 'doubtful.'

Id. at 1328 (citations omitted).

26   It is also true that the Court need not "decide the numerous
27 questions of law and fact raised by [the objectors] but rather to
28 canvass the issues and see whether the settlement 'falls below the

-8-

lowest point in the range of reasonableness.'" In re Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) (quoting In re W. T. Grant & Co., 699 F.2d 599, 608 (2d Cir. 1983) (emphasis added), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983)), aff'd, 50 B.R. 764 (S.D.N.Y. 1985).

The Trustee, in the exercise of his reasonable business judgment, believes that accepting the Settlement Payment and entering into the Stipulation is an efficient and cost effective means to administer the Assets. The overall time to administer the estate will be less than if the Trustee had to auction the Assets. In addition, by entering into the compromise with the Debtor and abandoning the Assets, the estate will save the costs associated with a personal property broker or auctioneer.  The Trustee believes the estate is receiving substantially the same amount by entering into this agreement as it would otherwise receive in a liquidation sale.

| Description | Scheduled Value | Lien | Exemption |
|---|---|---|---|
| 2009 Mercedes-Benz S500 "Mercedes") | $4,517 | $0.00 | $0.00 |
| 2021 Tesla Motors S ("Tesla") | $45,000 | $33,200 | $3,325.00 |

The potential equity before costs of sale is approximately $12,992.  The Trustee estimates costs of sale to be approximately $3,000.  Therefore, the net equity is approximately $9,992. The Trustee believes that the $10,750.00 settlement is fair and reasonable and in the best interest of the estate.  The compromise eliminates the uncertainty of the final sale price of the Assets at auction without incurring commissions, transfer fees or other

-9-

costs.  The Settlement Payment has been received. The Trustee requests that the Court approve this proposed settlement.

## II.

## **ABANDONMENT OF THE ASSETS**

Section 554 provides, in relevant part:

(a)  After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

A bankruptcy trustee may abandon an estate's interest in property if the cost of administration of the property would exceed the benefit or value of the property to the estate, making it burdensome to the estate and of inconsequential value and benefit to the estate.  See In re Alsberg, 161 B.R. 680, 683 (9th Cir. BAP 1993).

Upon Court approval of this Stipulation and receipt of the Settlement Payment, the Trustee believes that a fair amount for the Assets will have been received particularly where this sale will be accomplished by way of abandonment and without incurring any commissions, transfer fees or other costs.  The Trustee believes that this sale by way of abandonment will result in the substantially the same amount if the Assets were sold to a third party.

## III.

## **NOTICE TO CREDITORS**

The Trustee believes that notice of this proposed compromise and abandonment should be served upon all known creditors and parties in interest.  The Trustee will serve a notice of the

proposed compromise to such persons to give timely notice of the opportunity for a hearing thereon.  The Trustee further requests that this Court determine the sufficiency of that notice and the parties given notice therein.

### IV.

### CONCLUSION

The Trustee respectfully requests that the Court approve the within compromise, abandonment of the Assets and the form and manner of the notice.  The Trustee further prays for all other appropriate relief.

Dated: October 24, 2022

*/s/ Jason M. Rund*
Jason M. Rund
Chapter 7 Trustee

**DECLARATION OF JASON M. RUND**

I, Jason M. Rund, declare as follows:

1. I am the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Bhavneet K. Bhogal (the "Debtor"). The facts stated herein are known to me to be true based on my personal knowledge, except for those matters based on information and belief, and I believe those facts to be true. If called as a witness, I could and would competently testify thereto.

2. On or about February 3, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

3. I was subsequently appointed as the Chapter 7 Trustee for the Debtors estate and I continue to serve in that capacity.

4. The Debtors Schedule A/B lists vehicles which are property of the bankruptcy estate as set forth below:

Cars, vans, trucks, tractors, sport utility vehicles, motorcycles:

| Description | Value | Lien | Exemption |
|---|---|---|---|
| 2009 Mercedes-Benz S500 | $4,517 | $0.00 | $0.00 |
| 2021 Tesla Motors S | $45,000 | $33,200 | $3,325.00 |

5. The above properties shall be referred to herein as the "Assets".

6. I researched the value of the Assets through Nadaguides.com and determined that the scheduled values appear reasonable. Trustee believes the Mercedes value is probably worth less then scheduled by confirmation of a copy of the registration received, the Mercedes is a "salvage title".

7.   In lieu of investing the time and expense of selling the Assets, I have entered into a Stipulation with the Debtor and have agreed to compromise and settle the matter on the terms and conditions set forth therein, subject to Court approval.

8.   The potential equity before costs of sale is approximately $12,992.  I estimate costs of sale to be approximately $3,000.  Therefore, the net equity is approximately $9,992. In the exercise of my reasonable business judgment, I determined accepting the $10,750.00 Settlement Payment is an efficient and effective means to administer the Assets. The overall time to administer the estate will be less than if I had to sell the Assets.  In addition, by entering into the compromise with the Debtors and abandoning the Assets, the estate will save the costs associated with a personal property broker or auctioneer.  I believe the estate and the creditors are receiving substantially the same as they would otherwise receive thru liquidation by entering into this agreement.  I received the Settlement Payment from the Debtor.

9.   Abandonment of the Assets is appropriate because I believe that this is a reasonable amount for the Assets particularly where this sale will be accomplished by way of abandonment and without incurring any commissions, transfer fees or other costs.  I believe that this sale by way of abandonment will result in substantially the same than if the Assets were sold to a third party. There is always uncertainty at auction regarding the ultimate sale price.

10.  I believe that the settlement proposed in the Motion is fair and reasonable, and in the best interest of the estate and

creditors, and I request that the Court approve the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 24, 2022 at El Segundo, California.

```
                         _/s/ Jason M. Rund_____
                         Jason M. Rund
```

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

270 Coral Circle, El Segundo, CA 90245

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/24/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Counsel for Debtor: Gary Polston, gmp@polstonlaw.com polstonlaw@jubileebk.net
Counsel for Trustee: Greenberg Glusker Fields Claman & Machtinger LLP, kbanner@greenbergglusker.com, vafanasieva@greenbergglusker.com; calendar@greenbergglusker.com
NEF: antwanette.hardin@bonialpc.com; Notices.Bonial@ecf.courtdrive.com; jeff@hagenhagenlaw.com; Kirsten.Martinez@bonialpc.com; Notices.Bonial@ecf.courtdrive.com; candice@brynerlaw.com

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/24/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Bhavneet K Bhogal, 23415 Pleasant Meadow Rd, Diamond Bar, CA 91765-3366

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/24/2022 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          Page 3                          **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

SERVICE LIST

| | |
|---|---|
| All Creditors of the Estate<br>BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| Amex/Bankruptcy<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998-1540 | Niki-Alexander Shetty<br>c/o Gregory Hout<br>12396 World Trade Drive 206<br>San Diego, CA 92128-3788 |
| Anand Desai<br>Meinders & Meinders, P.C.<br>2204 Sw Main St<br>Woodward, OK 73801-2802 | Nordstrom Signature Visa<br>Attn: Bankruptcy<br>PO Box 6555<br>Englewood, CO 80155-6555 |
| Bank of America, N.A.<br>PO BOX 31785<br>Tampa, FL 33631-3785 | Sls/equity<br>Attn: Bankruptcy 8742 Lucent Blvd.<br>Highlands Ranch, CO 80129-2302 |
| Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Specialized Loan Servicing LLC<br>3160 Crow Canyon Place, Suite 215<br>San Ramon, CA 94583-1110 |
| Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 | Steve Madoni and Christina Bateman<br>1151 Dove Street 235<br>Newport Beach CA 92660-2806 |
| Citibank/Shell Oil<br>Citicorp Credit Srvs/Centralized Bk dept<br>PO Box 790034<br>St Louis, MO 63179-0034 | US Legal Group, APC<br>c/o Law Office of Stephen A. Madoni<br>1151 Dove Street, Suite 235<br>Newport Beach, CA 92660-2806 |
| Crossroad Exchange, LLC<br>20631 Ventura Blvd., Unit 301<br>Woodland Hills, CA 91364-2374 | Wells Fargo Bank, N.A., as Trustee for Bear<br>3160 Crow Canyon Place, Suite 215<br>San Ramon, CA 94583-1110 |
| Crossroads Exchange, Inc.<br>Law Office of Gregory J. Hout<br>12396 World Trade Center Drive 206<br>San Diego, CA 92128-3788 | |
| Equity Stock Corporation<br>Law Office of Gregory J. Hout<br>12396 World Trade Center Drive 206<br>San Diego, CA 92128-3788 | |
| Gs Bank Usa<br>Attn: Bankruptcy<br>Lockbox 6112 PO Box 7247<br>Philadelphia, PA 19170-0001 | |
| Holiday Hospitality Franchising, Inc.<br>3 Ravinia Dr. 100<br>Atlanta, GA 30346-2121 | |